PeaesoN, J.
 

 This is an
 
 executed
 
 trust, i. e., a trust of which the scheme has, in the outset, been completely declared, as distinguished from an
 
 executory
 
 trust, of which the scheme has been imperfectly declared in the outset, and the creator of the trust has merely denoted his ultimate object, imposing on the trustee, or on the court, the duty of effectuating it in the most convenient way. The terms in which an executed trust is declared, are interpreted by the ordinary rules of law. The terms in which it is declared in this deed, are, “ for the sole support and maintenance of my wife, Elizabeth L. Holmes, and my daughter, Sarah J. Holmes, and any
 
 child or children that the aforesaid Elizabeth L. Holmes may hereafter have."
 

 The question is, does the defendant Henry, a child of Elizabeth L. Holmes by a second husband, take under this deed. He fully answers the description, and we can see no sufficient ground upon which to exclude him.
 

 It is certainly unusual for a man to convey property, with an intent to provide for a child that his wife may have by another husband; but he may do so if he chooses, and the fact, that it is unusual, will not, of itself, justify a court in departing from the ordinary meaning of the terms used in the deed. There is nothing whatever in the deed to qualify or explain the words
 
 “
 
 and any child or children that the aforesaid Elizabeth L. Holmes may hereafter have.” He does not even say “ my wife.” In
 
 Good
 
 v.
 
 Harris,
 
 2 Ire. Eq. Rep. 630,
 
 *389
 
 where a trust was declared for the wife and her children, the Court thought that the recital, that lie was embarrassed and made the conveyance for the purpose of paying his debts and to secure a maintenance for his family, taken in connection with the consideration, that it was unusual and against the common sense of self-preservation, for an embarrassed man to stint his own children in order to provide for the children of his wife by two former husbands, justified a departure from the ordinary meaning of the words in which the trust was declared. So, that case supports the position, that where there is nothing in the deed to qualify or explain, the words must be taken in their ordinary acceptation. We are of opinion, thattlie defendant Henry takes under the deed.
 

 2nd. The deed conveys slaves and other personal property, and also land, and there are no words of limitation. In respect to the personalty, an absolute estate vested in Elizabeth and Sarah Holmes, subject to open and let in any after-born child, which can be done by means of a trust as well as a will; and as the deed gives the wife a separate estate, so as to exclude her husband, it follows that Sarah Holmes takes one third, the plaintiff Henry one third, and the plaintiff Thomas S. Evans the other third,
 
 jure mariti.
 

 In respect to the land, as the conveyance is by deed, and no words of inheritance are used, if it was of tbe legal estate, it is clear that only a life-estate would pass ; and we think, that in regard to an executed trust, the same rules of construction must apply. Adams, in bis learned treatise on Equity, treats the subject as settled : “ It was at one time suggested, that the language of a trust might be construed with greater license than that of a gift at law; hut this notion is now at an end, and it is clear that the declaration of an executed trust, will have exactly the same construction, as if it had been a conveyance of the legal estate page 41.
 
 Equi-tas sequitur
 
 legem., is the maxim in regard
 
 to
 
 trusts.
 
 Under
 
 the doctrine of uses, before the statute of 27 lien. 8, the word
 
 heirs
 
 was not considered by the Chancellors, who were ecclesiastics, as necessary to create an estate of inheritance;
 
 *390
 
 but after that date, the Chancellors were lawyers, and adopted the above maxim in order to make the rules of their court conform to the rules of the common law, unless there was something to warrant a departure. In the case of deeds, there is nothing to dispense with the use of technical terms. The parties are not
 
 inopes
 
 eonsilii, which is the ground upon which technical terms are not required in devises, provided the intention to give an estate in fee is otherwise expressed. Elizabeth and Sarah, at the creation of the trust, took an estate for life as tenants in common ; upon the birth of Henry, the trust opened and let him in as to one-third part for life, leaving a resulting trust in the grantor, in fee ; upon his death it descended to the defendant Sarah as his heir-at-law; and upon the death of Elizabeth, Sarah became entitled to two thirds of the land in fee in possession, and to the reversion in fee of the other third, expectant upon the life estate of the plaintiff Ilenry.
 

 It is said the intention clearly was to give the same estate in both species of property, and as Ilenry takes an absolute estate in the personalty, it seems to bo a strange result that he only takes a life estate in the land ! That may be so, and the reason of the difference is, that, in respect to the personalty, there is nothing to defeat the intention, whereas, in respect to to the land, a fee simple cannot be created-by deed without the word heir, no matter how clearly the- intention may be-expressed.
 

 Pee Cueiam, There will be a decree declaring the-rights of the parties according to. this opinion..